UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:   -cv-

LOVELY LANGE,

    Plaintiff,

v.

INTERNATIONAL MEDICAL
INDUSTRIES, INC., a Florida Corporation

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, Lovely Lange (hereafter referred to as "Plaintiff"), by and though her undersigned counsel, and sues Defendant, INTERNATIONAL MEDICAL INDUSTRIES, INC., a Florida Corporation (hereafter referred to as "Defendants") stating as follows:

## INTRODUCTION

This is an action by Plaintiff for declaratory relief and damages, as permitted under State and Federal law, to redress Defendant's discriminatory employment practices against Plaintiff because of her race and national origin.

## JURISDICTION, PARTIES, & VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981, the Civil Rights Act of 1866, and Section 760.10 of the Florida Statutes.

2. The jurisdiction of this Honorable Court is invoked to secure protection of, and redress for, the deprivation of rights guaranteed by the aforementioned federal and state laws.

3. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §§1331, 1343, and 1367.

4. The venue for this action is properly placed in the Southern District of Florida, because events/ employment practices alleged in this Complaint to be unlawful were committed in Broward County, within the jurisdiction of this Honorable court.

5. At all times relevant, Plaintiff was employed by Defendant.

6. Plaintiff is a resident of Broward County, Florida, is of the age of majority, and is otherwise sui juris.

7. Defendant, International Medical Industries, Inc. is a Florida corporation doing business in Broward County, Florida.

8. Defendant, International Medical Industries, Inc's principle address is in Broward County.

9. At all relevant times, Defendant was engaged in the medical device manufacturing industry.

## FACTUAL ALLEGATIONS

10. Plaintiff is an individual of Haitian national origin and shares in common a language, culture, ancestry, and other social characteristics with other individuals of Haitian ethnicity. Plaintiff is a member of a class of persons protected from discrimination in his employment under 42 U.S.C.A. § 1981 and Title VII of the Civil Rights Act, as amended.

11. Plaintiff is an individual of the black race. Plaintiff is a member of a class of persons protected from discrimination in his employment under 42 U.S.C.A. § 1981 and Title VII of the Civil Rights Act, as amended.

12. On or about November of 2018, Plaintiff was employed as a Quality Technician by Defendant.

13. On or about November 2, 2018, Plaintiff went on an approved maternity leave.

14. On or about January 28, 2019, Plaintiff returned from maternity leave.

15. Upon Plaintiff's return, Plaintiff was told by the HR manager, Alan Misk, a white non-Haitian male, to white for him in the break room.

16. After waiting for an hour, Alan Misk informed Plaintiff that her position had been eliminated.

17. Plaintiff proceeded to meet with the Quality Department supervisor, Mr. Conrad to inquire about her position being eliminated. Mr. Conrad was not aware of Plaintiff's position being eliminated.

18. Mr. Conrad was willing to place Plaintiff in a different position, however Defendant rejected the idea.

19. Thereafter, Plaintiff spoke to Anthony D'Alessandro, Vice President of Defendant, a white non-Haitian male, who told Plaintiff she could work on the assembly line or leave.

20. Working on the assembly line is a lower position with a lower rate of pay compared to Plaintiff position of quality technician.

21. Plaintiff was the only black Haitian quality technician among four other technicians.

22. The other technicians were given the opportunity to remain on the shift or move to the second or third shift, except Plaintiff. Plaintiff was only offered a lesser position with lesser pay.

23. Additionally, a Spanish speaking employee, Ms. Jimenez was promoted to senior lead. While Plaintiff was employed as a Quality Technician, Plaintiff trained Ms. Jimenez for the position of quality technician. Ms. Jimenez had zero technician experience at the time.

24. Black Haitian employees were treated differently by Defendant than other employees. For example, black Haitian employees were not allowed to greet each other or gather around drinking coffee and exchange ideas like Spanish speaking employees were allowed to do.

25. As a result of Plaintiff's national origin and race, Plaintiff was not given the opportunity to continue working as a quality technician.

26. On or about January 28, 2019, as a result of Plaintiff's national origin and race, Plaintiff was constructively discharged.

27. Defendant's conduct was knowing, malicious, willful and wanton, and/or showed a reckless disregard to Plaintiff.

28. Plaintiff was qualified for the position of Quality Technician.

29. As a result of aforementioned treatment by Defendants, Plaintiff suffered substantial economic and non-economic damages, harm to his professional and personal reputation, severe mental anguish, and embarrassment.

30. On or about February 28, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission (hereafter referred to as the "EEOC").

31. On or about August 24, 2020, the EEOC issued a "Notice of Suit Rights" to Plaintiff.

## COUNT I- DISCRIMINATION BASED ON RACE

32. Plaintiff realleges and reaffirms the allegations contained in the above paragraphs 1 through 31, as if fully set forth herein.

33. Defendant engaged in and allowed policies and practices that willfully, intentionally, and unlawfully discriminated against Plaintiff based on his national origin. Defendant engaged in a pattern of continuous discrimination against Plaintiff because of her black race.

34. Plaintiff was singled out for mistreatment in a discriminatory manner because of her race. Defendants participated in, were aware of, and/or allowed the discrimination. Defendants knew such actions were unlawful but acted in reckless disregard of the law.

35. Defendant's conduct complained of here was willful and in disregard of Plaintiff's protected rights.

36. Plaintiff would have continued in her employment with Defendant, entitled to her wages and benefits, but for the discriminatory conduct of Defendant.

37. As a direct and proximate result of Defendant's discriminatory acts and/or omissions, Plaintiff suffered an adverse employment action, constructive discharge, and based on her race.

38. The conduct of Defendant, by and through the conduct of its employees, agents, and/or representatives, and the Defendant's endorsement of discriminatory activities, and Defendant's failure to address, mitigate, and/or take remedial actions to prevent such discrimination toward Plaintiff, deprived Plaintiff of her statutory rights under federal and state law.

39. As a result of Defendant's acts and/or omissions, Plaintiff suffered both irreparable injury and compensable damages.

40. Plaintiff was forced to retain undersigned counsel to prosecute his claims and is entitled to attorney's fees pursuant to 42 U.S.C.A. § 1988, the Civil Right Attorney's Fee Award Act.

**WHEREFORE**, Plaintiff, Lovely Lange, respectfully requests this Honorable Court enter judgment for Plaintiff and against Defendant containing the following relief:

Case 0:20-cv-62133-CMA   Document 1   Entered on FLSD Docket 10/20/2020   Page 6 of 8

a. A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

b. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

c. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress, anxiety, emotional pain and suffering, emotional distress, and /or physical injuries;

d. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

e. An award of punitive damages;

f. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

g. Such other and further relief as the Court may deem just and proper.

## **COUNT II- DISCRIMINATION BASED ON NATIONAL ORIGIN**

41. Plaintiff realleges and reaffirms the allegations contained in the above paragraphs 1 through 31, as if fully set forth herein.

42. Defendant engaged in and allowed policies and practices that willfully, intentionally, and unlawfully discriminated against Plaintiff based on her national origin. Defendant has engaged in a pattern of continuous discrimination against Plaintiff because she is of Haitian national origin.

43. Defendant was aware that Plaintiff was singled out for mistreatment in a discriminatory manner because of her national origin. Defendant participated in, were aware of, and/or allowed the discrimination. Defendant knew such actions were unlawful but acted in reckless disregard of the law.

44. Defendant's conduct complained of here was willful and in disregard of Plaintiff's protected rights.

45. Plaintiff would have continued in her employment with Defendant, entitled to her wages and benefits, but for the discriminatory conduct of Defendants.

46. As a direct and proximate result of Defendants' discriminatory acts and/or omissions, Plaintiff suffered an adverse employment action, constructive discharge, based on her national origin.

47. The conduct of Defendant, by and through the conduct of its employees, agents, and/or representatives, and the Defendant's endorsement of discriminatory activities, and Defendant's failure to address, mitigate, and/or take remedial actions to prevent such discrimination toward Plaintiff, deprived Plaintiff of her statutory rights under federal and state law.

48. As a result of Defendant's acts and/or omissions, Plaintiff suffered both irreparable injury and compensable damages.

49. Plaintiff was forced to retain undersigned counsel to prosecute his claims and is entitled to attorneys' fees pursuant to 42 U.S.C.A. § 1988, the Civil Right Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff, Lovely Lange, respectfully requests this Honorable Court enter judgment for Plaintiff and against Defendants containing the following relief:

   a. A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

   b. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

c. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress, anxiety, emotional pain and suffering, emotional distress, and /or physical injuries;

d. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

e. An award of punitive damages;

f. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

g. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims.

Respectfully submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for Plaintiff*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: _____
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com